## UNITED STATES v. DUNN.

District Court, D. Massachusetts. April 5, 1929.

No. 8578.

Frederick H. Tarr, U. S. Atty., and Elihu D. Stone, Asst. U. S. Atty., both of Boston, Mass.

Daniel A. Shea and John H. Higgins, Jr., both of Boston, Mass., for defendant.

MORTON, District Judge. This is a motion to suppress evidence obtained under a search warrant. The ground for the motion is that the affidavit on which the warrant was issued stated that the affiant purchased at the place in question "one-half pint of distilled spirits." The point is whether "distilled spirits" signifies intoxicating liquor fit for beverage purposes within the meaning of the National Prohibition Act (27 USCA). In my opinion it does. These words occur very frequently in the revenue statutes, the underlying purpose of which is to tax alcoholic liquors used for beverage purposes—e. g., Rev. Stats. § 3296 (USCA vol. 26, § 404), penalizing a removal of distilled spirits on which a tax has not been paid; section 3289 (USCA vol. 26, § 266), providing that all distilled spirits found in any cask, etc., without having a stamp will be forfeited; section 3299 (USCA vol. 26, § 403), providing that "all distilled spirits" found elsewhere than in a distillery shall be forfeited, etc. In Rev. Laws Mass. c. 100, § 2, it is said that certain specified liquors "and distilled spirits shall be deemed to be intoxicating liquors within the meaning of this chapter." This statute states what I believe to be the generally understood meaning of "distilled spirits"; i. e., that the expression means spirituous liquors fit for beverage use. I do not think that denatured alcohol, which was mentioned in argument, would properly be so described.

Motion denied.